STATE OF VERMONT
SUPERIOR COURT — ENVIRONMENTAL DIVISION



| In re Allen Road Land Co. Act 250 Permit (appeal of Amended Act 250 Permit No. 4C1232-1) | } } } } } | Docket No. 62-4-11 Vtec (appeal from District 4 Envtl. Commission determination) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| In re Allen Road Land Co. JO #4-226 | } } } } } } | Docket No. 63-4-11 Vtec (appeal from J.O. of District 4 Envtl. Commission Coordinator) |

## Decision on Motions for Consolidation and Stay

Appellants Sharon and Doug Carlson ("Appellants") have appealed, in Docket No. 62-4-11 Vtec, a decision by the District 4 Environmental Commission ("District Commission") approving an amendment to a state land use permit issued to Allen Road Land Company ("Applicant") for the construction of 30 residential units, in four new three-story buildings, and of associated development in the City of South Burlington ("City"). The amendment authorizes Applicant to use blasting techniques to remove ledge in order to install a sewer line and to add decks and basements to the approved buildings. Appellants have also appealed, in Docket No. 63-4-11 Vtec, a Jurisdictional Opinion #4-226 ("JO") issued by the District 4 Environmental Commission Coordinator ("District Coordinator") determining that the use of a hydraulic jack hammer to remove ledge does not require a permit amendment, provided the noise it generates does not exceed a specified limit.

Currently pending before the Court are Appellants' motion to consolidate their two appeals and their motions to stay the underlying decisions in both dockets. Applicant has responded to these motions by filing a response in opposition to both pending motions. In both dockets, Appellants are represented by Jacob O. Durell, Esq. and Applicant is represented by Christina Jensen, Esq.

1

## Factual Background

For the sole purpose of putting the pending motions into context, we recite the following facts, which we understand to be undisputed unless otherwise noted:

1. On August 6, 2010, the District Commission issued a state land use permit, LUP No. 4C1232, to Applicant authorizing the following: (1) the construction of 30 residential units in four new three-story buildings; (2) the retention of one existing residence; (3) the construction of 600 linear feet of new road; and (4) the construction of three carports. The permit covered development of a 4.99 acre parcel off Hinesburg Road (Vermont Route 116) in the City of South Burlington, Vermont.

2. In an application dated December, 2010, Applicant sought an amendment to its original permit for the use of blasting to remove ledge on its property in order to install the proposed sewer line. The amendment application also sought approval to use blasting to remove additional ledge Applicant might discover during construction and approval to add decks and basements to its buildings.

3. On January 24, 2011, the District Commission held a public hearing on the application for a permit amendment and recessed the hearing in order to receive additional submissions from the parties. After receiving the additional submissions, the District Commission adjourned the hearing on March 15, 2011.

4. On March 23, 2011, Applicant requested a jurisdictional opinion from the District Coordinator to determine whether it needed a permit amendment in order to use a hydraulic jack hammer to remove ledge on its property.

5. On April 1, 2011, the District Coordinator issued the JO indicating that an amendment would not be necessary for Applicant to use a hydraulic jack hammer to remove ledge, provided that the noise generated by such use does not exceed 76 decibels, measured as a weighted average over an eight-hour period.

6. On April 14, 2011, the District Commission issued a permit amendment, No. 4C1232-1, to Applicant authorizing "blasting for installation of sewer line and the addition of decks and basements to the approved buildings." (See Mem. in Opp'n to Mot. for Stay of Amendment to Act 250 Permit, Attach. 1, Land Use Permit Amendment, No. 4C1232-1 at 1, filed May 13, 2011.) The District Commission conditioned its approval on the Applicant following its "Blasting Plan" and limiting noise generation to 76 decibels, measured as a weighted average over an eight-hour period.

2

7.     On April 29, 2011, Appellants timely appealed both the District Coordinator's decision in Docket No. 63-4-11 Vtec and the District Commission's decision in Docket No. 62-4-11 Vtec.

## Discussion

In Docket No. 62-4-11 Vtec, Appellants are appealing the District Commission's grant of an amended permit, No. 4C1232-1, to Applicant's state land use permit for the construction of 30 residential units, in four new three-story buildings, and of associated construction and development, on a 4.99 acre parcel off Hinesburg Road in the City of South Burlington. Permit amendment No. 4C1232-1 authorizes Applicant to take the following steps not included in the original permit: to use blasting techniques, subject to a noise limitation, to remove ledge in order to install a sewer line and to add decks and basements to the approved buildings. In Docket No. 63-4-11 Vtec, Appellants are appealing the District Commissioner's issuance of the JO determination that the use of a hydraulic jack hammer to remove ledge does not require a permit amendment, provided the noise it generates does not exceed a specified limit.

Appellants now seek consolidation of their two appeals and ask for a stay of both the District Commission's decision granting permit amendment No. 4C1232-1 and the District Coordinator's JO indicating that no amendment is necessary for use of a hydraulic jack hammer.

## I.     Motion to Consolidate

Appellants' motion to consolidate under V.R.E.C.P 2(b) is titled a "Motion for Coordination of Proceedings," which is an accurate description of their request. (See Mot. for Coordination of Proceedings, filed Apr. 29, 2011). Under V.R.E.C.P. 2(b), which is titled "Coordination of Proceedings," when a "project involves multiple proceedings that have resulted or may result in separate hearings or appeals . . . the court may advance, defer, coordinate, or combine proceedings and may make other orders that will promote expeditious and fair proceedings and avoid unnecessary costs or delay." This rule gives the Court a "flexible case management tool," allowing us to coordinate the conferences and hearings for multiple appeals concerning the same project. Reporter's Notes, V.R.E.C.P. 2.

Here, Appellants seek coordination of the proceedings for two appeals involving a single project, Applicant's construction of 30 residential units in four new three-

3

story buildings, and development associated with these buildings. Applicant opposes Appellants' request, arguing that the two pending appeals involve different substantive and procedural issues and addressing them together would not benefit the Court or the parties. We cannot agree with Applicant. Before us we have the appeals of decisions approving two different methods for removing ledge to provide for the construction of a single project. Although the legal issues that are raised in each appeal differ to some extent, there is some overlap of legal issues presented and an overlap of many of the relevant factual issues. It is our experience that the coordination of conferences and hearings for these types of related cases will save the Court and parties valuable resources. Consequently, we **GRANT** Appellants' motion to consolidate.

We note that Applicant's opposition to Appellant's request appears to be partially based on a misunderstanding of the request and the applicable procedural rule. This Court often uses the term "consolidate" as shorthand for the coordination of proceedings, which we regularly grant upon motion by one of the parties. See, e.g., In re Rivers Dev. Conditional Use Appeal, Nos. 7-1-05 Vtec, 68-3-07 Vtec, 183-8-07 Vtec, 248-11-07 Vtec, and 157-7-08 Vtec, slip op. at 7–11 (Vt. Envtl. Ct. Nov. 21, 2008) (Durkin, J) (granting the appellant's motion to consolidate despite opposition by some of the other parties). This type of consolidation is not the same as consolidating multiple actions (e.g., multiple appeals) into a single action. See Reporter's Notes, V.R.E.C.P. 2 ("[V.R.E.C.P. 2(b)] does not address full consolidation of proceedings, which by virtue of V.R.C.P. 42(a) may be ordered only with the consent of the parties.")[1] The consolidation of actions involves the substitution of a single docket number for multiple actions, concludes with a single ruling, and requires the parties' consent. See V.R.C.P 42(a) ("[The court] may, with the consent of the parties, order all actions consolidated . . . ."); Mobbs v. Central Vt. Ry., Inc., 155 Vt. 210, 215 & n.2 (1990) (discussing V.R.C.P 42 and distinguishing a court order to hold a joint trial from an order merging "suits in a single cause of action").

Here, Appellants are not requesting consolidation of their two appeals into one; thus, Applicant's consent is not necessary for us to grant Appellants' motion. Because

---

[1] Federal Practice and Procedure provides a helpful description of the types of consolidation and serves as guidance here because of the similarity between V.R.C.P. 42(a) and Rule 42 of the Federal Rules of Civil Procedure. See 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2382; Mobbs v. Central Vt. Ry., Inc., 155 Vt. 210, 215 (1990) ("Because V.R.C.P 42 is substantially similar to Fed.R.Civ.P. 42, see Reporter's Notes, V.R.C.P. 42, we look to federal case law for guidance.")

it has been proven that the coordination of conferences and hearings for multiple appeals involving a single development project, as presented here, improves the efficiency of this Court's operation and reduces costs, we **GRANT** Appellants' motion to consolidate.

## II.    Motion to Stay

Turning to Appellants' motions to stay, we note that decisions of district environmental coordinators or commissions are not automatically stayed upon their appeal, but this Court has authority to issue a stay, and set its terms and conditions, when it is "necessary to preserve the rights of the parties." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2). In determining whether the equities weigh in favor of issuing a stay of the two decisions now on appeal, we consider four factors: "(1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public." N. Cmty. Inv. Corp. Conditional Use Application, Nos. 123-6-07 Vtec, 128-6-07 Vtec, and 152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J) (quoting In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)). We note that our determination here of whether to issue a stay in either appeal does not govern our eventual determination of the merits in these appeals.

Turning to the first factor, in their request for a stay of the District Commission's issuance of permit amendment No. 4C1232-1, Appellants argue that they are likely to succeed because they can show that the use of blasting to remove ledge will violate criterion 8 of 10 V.S.A., Chapter 151 (commonly known as "Act 250"). See 10 V.S.A. § 6086(a)(8). That is, they argue that noise and vibrations produced by the blasting will have an undue adverse aesthetic impact. In examining the evidence Appellants discuss in their motion, we are not convinced they are likely to succeed on this issue. Appellants express concern that the foundations and structures on their property will be damaged from the scheduled blasting, but they do not support this assertion with evidence. The evidence Appellants do discuss does not call into question the conclusion reached by the District Commission that any adverse impacts will not be undue. See In re Times & Seasons, LLC, 2008 VT 7, ¶ 8, 183 Vt. 336 (indicating that a decision-making body applying criterion 8 first determines if a project will cause an adverse aesthetic impact and then, if so, examines whether the

5

adverse impact is undue); (See Mem. in Opp'n to Mot. for Stay of Amendment to Act 250 Permit, Attach. 2, <u>Allen Road Land Co.</u>, No. 4C1232-1, Findings of Fact, Conclusions of Law, and Order, at 3–10, filed May 13, 2011). While we stress that our determination here is not equivalent to a ruling on the merits, for the purposes of ruling on Appellants' request for a stay of the District Commission's issuance of permit amendment No. 4C1232-1 in Docket No. 62-4-11 Vtec, we find that Appellants have not shown that they are likely to succeed.

We reach the same conclusion for Appellants' request for a stay in their appeal of the JO issued by the District Coordinator. There, the applicable question is whether Appellants have made reference to sufficient evidence to show that it is likely we would ultimately find that the use of a hydraulic jack hammer to remove ledge constitutes a "material change" to their original permit and therefore requires an amendment. See Act 250 Rule 34(A) (describing the circumstances triggering the need for a permit amendment). Act 250 Rule 2(C)(6) defines material change as a "change to a permitted development or subdivision which has a significant impact on any finding, conclusion, term or condition of the project's permit or which may result in a significant adverse impact with respect to any of the criteria [in Act 250]." Appellants appear to presume that the use of a hydraulic jack hammer will have an adverse impact upon the original permit or criterion 8, but they do not present evidence that provides a foundation for this Court to reach either of those legal conclusions. In the absence of such evidence, this Court is unable now, and will be unable at a de novo hearing on the merits, to conclude that the use of a hydraulic jack hammer, as proposed and as conditioned, constitutes a "material change." Thus, we conclude that Appellants have not shown, at this juncture, that they are likely to succeed in their appeal of the District Coordinator's JO in Docket No. 63-4-11 Vtec.

In assessing the second factor in our analysis, whether Appellants will suffer irreparable injury, should a stay not be granted for either permit amendment No. 4C1232-1 or the JO, we ask if Appellants have made a case that such injuries are likely and if they would have an adequate remedy at law, should the injuries they allege actually occur. The injuries discussed by Appellants include damage to the structures on their property and the fixtures in their home, the potential for lost wages and vacation days should they stay home to protect their property to accommodate a non-specific blasting schedule, and the disruption to their lives from avoiding going

6

outside during blasting and from being near loud noise and vibrations. Again, Appellants sincerely express fears but provide no evidence upon which this Court can rely to conclude that these injuries are likely to occur. See In re Route 103 Quarry, No. 205-10-05 Vtec, slip op. at 3–4 (Vt. Envtl. Ct. Sept. 14, 2007) (Durkin, J) (concluding there was not "sufficient evidentiary foundation . . . to link [the applicant's] proposed future blasting practices and the harm that [the neighbors] anticipated"). Further, while Appellants argue that it may be inconvenient for them to seek monetary compensation for any injuries they should actually suffer, and that the quantification of such compensation may be difficult, they do not argue that they would have no legal recourse for seeking such compensation in the event that they should suffer such unfortunate injuries.

We find that Appellants have not provided sufficient evidence to show that they will suffer irreparable injury justifying a stay in either appeal. However, to relieve Appellants of some of their concerns, we find it appropriate to require that, if Applicant does choose to use blasting while the appeal in Docket No. 62-4-11 Vtec is pending, it must provide notice to Appellants at least two business days prior to each day it undertakes such blasting.[2]

Examining the third factor, whether the issuance of a stay will substantially harm Applicant, the parties' filings lead us to conclude that Applicant will not be harmed by a stay restricting it from commencing ledge removal. Appellants argue that the removal of ledge is only one part of a larger development project and that Applicant can continue with the remainder of the development in the midst of a stay addressing removal of ledge. Applicant does not directly refute this contention; instead, Applicant expresses concern about the appeals generally and Appellants' motive for seeking a stay for both appeals. Thus, we conclude that third factor weighs in Appellants' favor, or in favor of granting a stay of both permit amendment No. 4C1232-1 and the JO.

Whether the public interest will be best served by a stay is the fourth factor we consider, and we find it inconclusive for both appeals. Applicants are seeking to create a private development with multiple residential units, and the injuries Appellants allege are mainly to their real and personal property. The parties' filings are not helpful in our assessment of this factor, and we conclude that, if anything,

---

[2] We recognize that Applicant may already plan to do this since Applicant represents in it's response in opposition to the motion to stay in Docket No. 62-4-11 Vtec that blasting will be "scheduled in advance, with ample notice given to neighbors." (See Mem. in Opp'n to Mot. for Stay of Amendment to Act 250 Permit 9.)

Appellants have failed to show that a stay of either permit amendment No. 4C1232-1 or the JO will favor the public interest.

Taking into consideration our conclusions under the four factors discussed above, we find that the equities favor Applicant and that a stay is not warranted for either permit amendment No. 4C1232-1 or the JO. Consequently, we **DENY** Appellants' requests for a stay of the District Commission's decision granting permit amendment No. 4C1232-1 authorizing the use of blasting to remove ledge, Docket No. 62-4-11 Vtec, and the District Coordinator's JO indicating that no amendment is necessary for use of a hydraulic jack hammer to remove ledge, Docket No. 63-4-11 Vtec. We do, however, find it appropriate to require that Applicant provide notice to Appellants at least two business days prior to each day it undertakes blasting if it elects to do so while the appeal in Docket No. 62-4-11 Vtec is pending. We wish to emphasize that, to the extent that Applicant goes forward with using either blasting or a hydraulic jack hammer to remove ledge, techniques that the Court will be examining in the two pending appeals, Applicant does so at its own peril, since the Court may ultimately overturn the decisions authorizing the use of these techniques by Applicant.

## Conclusion

For all of the reasons more fully discussed above, we **GRANT** Appellants' motion to consolidate their two appeals so that the proceedings are coordinated in accordance with V.R.E.C.P. 2(b). We **DENY** Appellants' motions to stay in both dockets, Docket Nos. 62-4-11 Vtec and 63-4-11 Vtec, although we require Applicant to provide notice to Appellants at least two business days prior to each day it undertakes blasting. We stress that if Applicant does undertakes ledge removal with either blasting or a hydraulic jack hammer while these appeals are pending, it does so at the risk that its authorization may ultimately be revoked.

Done at Newfane, Vermont, this 6th day of July 2011.

_____
Thomas S. Durkin, Judge

8